# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

DANIEL WRIGHT,

    Petitioner,

vs.                                       Case No. 4:10cv294-MP/WCS

UNITED STATES OF AMERICA,

    Respondent.

_____/

## REPORT AND RECOMMENDATION TO DENY § 2241 PETITION

Petitioner filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Doc. 1.

Petitioner attempts to challenge, by habeas corpus petition, the sentence imposed in this district, Case No. 4:99cr22-RH/WCS. Doc. 1. Specifically, he challenges the enhancement of his sentence for being a second or repeat offender under 21 U.S.C. § 841(b)(1)(A), resulting in a minimum mandatory term of 20 years. *See* § 841(b)(1)(A) (prescribing a term of ten years to life for certain controlled substance offenses, but if committed "after a prior conviction for a felony drug offense has become final," then the term is 20 years to life).

That judgment was affirmed on direct appeal and a 28 U.S.C. § 2255 motion was denied on the merits. Docs. 97 (mandate), 151, 154 and 155 (report and recommendation, order denying § 2255 motion, and judgment) in the criminal case file.[1] A certificate of appealability was denied by this court and the court of appeals. Docs. 161 and 171. Aside from the § 2255 proceedings, this court has noted:

> Mr. Wright filed in this court too many other motions, notices, and affidavits to count; there were at least 30 motions, not counting the notices and affidavits. He appealed, or tried to, on additional occasions. *He did everything a defendant could do to avoid Congress's effort, in the Anti-Terrorism and Effective Death Penalty Act, to avoid endless and wasteful duplicative challenges to a conviction and sentence*.

Doc. 252, p. 4 (emphasis added); see also doc. 267 (denying Defendant's motion for relief under U.S.S.G. Amendment 706) (citing doc. 252, noting "dozens of more recent attacks on the conviction and sentence have been rejected."). Indeed, in this case and the § 2255 proceedings, Defendant was ultimately directed not to file anything until a recommendation was entered. Doc. 15 (this case); doc. 151, pp. 1-2 (noting procedural history).

In filing this petition, Defendant continues doing all he can to avoid the efforts of Congress "to avoid endless and wasteful duplicative challenges to a conviction and sentence." Relief from a federal sentence is generally only available by motion filed pursuant to § 2255, which provides in relevant part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or

---

[1] Hereafter, references to any document number higher than 15 (the most recently filed document in this case to date) are to documents in the criminal case file.

Case No. 4:10cv294-MP/WCS

is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

Under the "savings clause" of § 2255, a petition for writ of habeas corpus filed by a prisoner authorized to seek relief under § 2255 "shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." § 2255(e).

Petitioner claims entitlement to proceed under the savings clause under the rationale of Gilbert v. United States, 609 F.3d 1159 (11th Cir. 2010) and United States v. Bowden, 2009 WL 32755 (11th Cir.) (unpublished), cert. denied, --- U.S. ----, 130 S.Ct. 1014, 175 L.Ed.2d 619 (2009). Doc. 1, pp. 1-2 and attachment (copy of Bowden case). He assert claims actual innocence of being a repeat offender and that was sentenced for the non-existent offense of being a repeat offender under § 841(b)(1)(A) "having not [been] charged nor found guilty of the enhanced penalties of (b)(1)(A)." Doc. 1, p. 6 (footnote omitted, discussing 21 U.S.C. § 851[2]).

The Gilbert opinion cited by Defendant is no longer good law. It was vacated, and on rehearing the district court's denial of relief, which had been reversed in the

---

[2] Pursuant to § 851(a), the Government must file an information of its intent to seek increased punishment by reason of one or more prior convictions. The Government filed a notice of intent to seek enhancement; indeed, in the § 2255 motion Defendant asserted ineffective assistance based on counsel's failure to object to the notice. Doc. 151 (report and recommendation) at p. 6. The notice of intent (doc. 32) is not available in the ECF (Electronic Case Filing) but the file itself was before me when the report and recommendation was written in 2003. As noted there, the conviction referenced in the notice was to the judgment of April 22, 1994, out of the Circuit Court in Duval County, a copy of which was supplied by the Government with doc. 128. Id., p. 6, n. 2; see also doc. 128, Att. 2 (pp. 40-46 in ECF).

Case No. 4:10cv294-MP/WCS

opinion relied on by Defendant, was affirmed.  Gilbert v. United States 640 F.3d 1293, 1323 (11th Cir. 2011).

The petitioner in Gilbert sought § 2241 relief claiming that – due to subsequent legal developments – the sentencing guidelines were improperly applied, and he was barred from seeking relief by second or successive § 2255 motion under § 2255(h).  *Id.*, at 1307-08.  The court determined that "the savings clause does not authorize a federal prisoner to bring in a § 2241 petition a claim, which would otherwise be barred by § 2255(h), that the sentencing guidelines were misapplied in a way that resulted in a longer sentence not exceeding the statutory maximum."  640 F.3d at 1323.

To proceed under the savings clause, a claim must be based upon a retroactively applicable Supreme Court decision, establishing the petitioner was convicted for a nonexistent defense; and circuit law squarely foreclosed the claim at the time it should have been raised at trial, appeal, or first § 2255 motion.  Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999) (footnote omitted). "[T]he only sentencing claims that may conceivably be covered by the savings clause are those based upon a retroactively applicable Supreme Court decision overturning circuit precedent."  *Id.* at 1245 (footnote omitted).  *See also* Gilbert, 640 F.3d at 1319 (noting the Wofford holding "is simply that the savings clause does not cover sentence claims that could have been raised in earlier proceedings.") (footnote and citation to Wofford omitted).  Actual innocence does not establish entitlement to proceed under the savings clause; it is only considered "[o]nce the savings clause of § 2255 applies to open the portal to a § 2241 proceeding . . . ."  177 F.3d at 1245 (citation omitted).  *See also* 640 F.3d at 1318-1323 (discussing

the savings clause and actual innocence in the context of sentencing claims) (discussing Wofford, other citations omitted).

The petition identifies no new Supreme Court case overturning circuit precedent. The new Eleventh Circuit cases relief on by Petitioner are not Supreme Court cases. The earlier Gilbert case is not the law of this circuit, and the unpublished Bowden case is not binding precedent.  See United States v. Anthony, 345 Fed.Appx. 459, n. 4 (unpublished) (11th Cir. 2009) (finding reliance on Bowden "misplaced" as "[w]e are not bound by unpublished opinions," and the facts were also distinguishable).  A vacated opinion cannot be retroactive or overturn formerly binding precedent.  The unpublished opinion was on direct appeal (with no issue of retroactivity), and also did not overturn precedent; indeed, it cited cases going back to 1974.

In an attempt to salvage the § 2241 petition, Defendant claims reliance on new Supreme Court cases.  In the supplement he cites United States v. O'Brien, __ U.S. __, 130 S.Ct. 2169, 176 L.Ed.2d 979 (2010).  Doc. 5.[3]  Defendant claims that the Court's analysis in O'Brien shows by analogy that § 841(b)(1)(A)-(C) sets forth criminal offenses, and also "supports [his] actual innocence claim, that he was sentenced, in part, for a nonexistent offense – being a repeated second offender pursuant to (b)(1)(A), having not [been] charged nor found guilty of the enhanced penalties of (b)(1)(A)." *Id.,* p. 2 (internal quotation marks omitted).

---

[3] The motion requesting permission to supplement (doc. 5) was granted and the Government directed to address O'Brien, if relevant, in the answer or other response to the § 2241 petition.  Doc. 6.  The Government responds that it does not apply, but supplies no argument.  Doc. 7, p. 11, n. 8.

In his "reply / amended motion clarifying arguments with supplemented newly decided legal authorities," Defendant explains that *prior* to the supplement he was relying on the Gilbert opinion, and (as now supplemented) he raises two arguments: that the indictment failed to charge and the jury failed to find beyond a reasonable doubt the requisite drug quantities, a claim supported by O'Brien; and that the Government's notice under § 851 was improper, a claim supported by Bowden.  Doc. 8, pp. 2-3.

O'Brien applied Apprendi and its progeny[4] to a fact which increased the prescribed penalty for a firearm offense.[5]  Whether Defendant's challenge is to drug quantity or the enhancement under § 851, the Apprendi line of cases do not apply retroactively on collateral review,[6] and do not apply to enhancements based on the fact of a prior conviction.  See James v. United States, 550 U.S. 192, 214, n. 8, 127 S.Ct.

---

[4] In Apprendi, the Court "confirm[ed] the opinion that we expressed in [Jones v. United States, 526 U.S. 227, 243, n. 6, 119 S.Ct. 1215, 1224, n. 6, 143 L.Ed.2d 311 (1999)].  Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  Apprendi v. New Jersey, 530 U.S. 466, 490, 120 S.Ct. 2348, 2362-63, 147 L.Ed.2d 435 (2000).  In Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 2537, 159 L.Ed.2d 403 (2004), the Court applied Apprendi to a sentence enhanced under state sentencing guidelines; and in United States v. Booker, 543 U.S. 200, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), the Court applied Apprendi and Blakely to the Federal Sentencing Guidelines.

[5] The O'Brien Court determined that, under a statute prohibiting the use or carrying of a firearm in relation to certain offenses, the fact that the firearm was a machine gun, which substantially increased the sentence, was an element of the offense to be charged and proved beyond a reasonable doubt under Apprendi.

[6] Varela v. United States, 400 F.3d 864, 867 (11th Cir.), *cert. denied,* __ U.S. __, 126 S.Ct. 312 (2005) (Blakely and Booker do not apply retroactively on collateral review); In re Anderson, 396 F.3d 1336, 1339-40 (11th Cir. 2005)  (the rule recognized in Blakely and Booker has not been "made retroactive to cases on collateral review by the Supreme Court" for purposes of authorizing a second or successive motion under § 2255).

1586, 1600, n. 8, 167 L.Ed.2d 532 (2007) ("we have held that prior convictions need not be treated as an element of the offense for Sixth Amendment purposes."), *citing* Almendarez-Torres v. United States, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998).

In his amended motion, Defendant argues O'Brien and references Carachuri-Rosendo v. Holden, 130 S.Ct. 2577, 177 L.Ed.2d 68 (2010)[7] and Begay v. United States, 553 U.S. 137, 128 S.Ct. 1581, 170 L.Ed.2d 490 (2008).[8]  Doc. 8, pp. 2-10.  He claims they are retroactive, circuit-busting Supreme Court decisions.  *Id.*, pp. 8-10.  He contends that under Begay, O'Brien, Carachuri-Rosendo, and Gilbert, he need only show a defective sentencing and prejudice, not actual innocence of the offense or a defective trial.  *Id.*, pp. 11-13.

---

[7] In Carachuri-Rosendo, the petitioner faced deportation after committing two misdemeanor drug offenses in Texas; he was sentenced to 20 days on the first and 10 days on the second.  130 S.Ct. at 2580.  The issue was whether he was ineligible to seek discretionary cancellation of removal for his conviction of an "aggravated felony." 8 U.S.C. § § 1101(a)(43) (defining aggravated felony) and 1229b(a) (cancellation of removal for certain permanent residents).  Although he could have been (but was not) charged as a repeat offender in the second case, and the repeat offender offense would have been punishable as a felony, "[t]he mere possibility that the defendant's conduct, coupled with facts outside of the record of conviction, could have authorized a felony conviction under federal law is insufficient to satisfy the statutory command that a noncitizen be 'convicted of a[n] aggravated felony' before he loses the opportunity to seek cancellation of removal. 8 U.S.C. § 1229b(a)(3)."  130 S.Ct. at 2589.

[8] In Begay the Court held "that the offense of driving under the influence was not a 'violent felony' within the definition contained in 18 U.S.C. 924(e)(2)(B)(ii), an ACCA [Armed Career Criminal Act] enhancement provision."  Gilbert, 640 F.3d at 1301 (citation to Begay omitted).  The Eleventh Circuit had previously determined that Begay effectively overruled its prior holding that carrying a concealed firearm was a "crime of violence" for purposes of a career offender enhancement under U.S.S.G. § 4B1.1.  *Id.*, at 1301-02, citation and footnote omitted).

In his motion requesting permission to supplement, Defendant asks to supplement his § 2241 petition with United States v. Shannon, 631 F.3d 1187 (11th Cir. 2011). Doc. 11. He claims he submitted his § 2241 petition within one year of Johnson v. United States, 130 S.Ct. 1260, 176 L.Ed.2d 1 (2010),[9] which he claims "is a substantive rule of law that retroactively applies to cases on collateral review." Id., p. 1. He claims that Shannon supports his claim of actual innocence, as his prior conviction for trafficking in cocaine was actually for purchasing cocaine, which is not a controlled substance offense. Id., p. 2. The Government responds that Shannon was before the Eleventh Circuit on direct appeal so is inapplicable here, and that the Eleventh Circuit had issued its en banc opinion in Gilbert. Doc. 13, pp. 1-3.

None of the recent Supreme Court (or Eleventh Circuit) cases cited by Defendant supports a sentencing challenge based on a retroactively applicable, Supreme Court decision, overturning Eleventh Circuit precedent, and unavailable at the time of the § 2255 proceedings, and has not demonstrated actual innocence. He is not entitled to proceed by habeas corpus petition pursuant to the savings clause of § 2255(e).

---

[9] In Johnson the Court held that because "battery" as defined by Florida law could be shown by slight physical contact, it did not constitute a "violent felony" for purposes of the ACCA, which requires at least three serious drug offenses and or violent felonies as those terms are defined in 18 U.S.C. § 924(e)(2)(A) and (B). In Shannon, the district court could not determine precise the act for which the defendant was convicted under state law, the least prohibited act in the state statute of conviction was for purchase of cocaine, and as that is not included in the career offender definition of controlled substance offenses the conviction should not have counted. 631 F.3d at 1188-89. A copy of the state court judgment is attached to doc. 128, as noted *supra*, and reflects that Defendant pleaded guilty in state court to the felony of trafficking in cocaine (count one). Doc. 128, p. 40. Trafficking in cocaine is a controlled substance offense; moreover § 841(b)(1)(A) references simply "a prior conviction for a felony drug offense," and this was clearly a felony drug offense.

It is therefore respectfully **RECOMMENDED** that the § 2241 petition for writ of habeas corpus, challenging Petitioner's conviction out of this district in case number 4:99cr22-RH, be **DENIED** as Petitioner has failed to demonstrate that the § 2255 remedy is inadequate or ineffective under § 2255(e).

**IN CHAMBERS** at Tallahassee, Florida, on December 28, 2011.


   S/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.